# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **L.W.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **FRANK BISIGNANO,** | )  **Case No. CIV-25-1373-SM** |
| **Commissioner of Social** | ) |
| **Security,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>REPORT AND RECOMMENDATION</u>

This case was assigned to the undersigned Magistrate Judge on November 18, 2025. Before the Court is Defendant's Motion to Dismiss. Doc. 14. Plaintiff has not responded to the motion and the time for doing so has expired. *See* LCvR7.1(g); *see also* Doc. 16. For the reasons explained below, the undersigned recommends the Court GRANT Defendant's Motion.

## I.  Plaintiff's amended complaint.

On February 2, 2026, Plaintiff L.W.,[1] proceeding pro se,[2] filed an Amended Complaint, in which he demands a jury trial. Doc. 8, at 1. He states that "this is *not* an appeal from a *final* decision of the Social Security Administration (SSA)." *Id.* He challenges the SSA's overpayment rule as arbitrary and capricious, as applied to him; alleges a violation of his due process rights; and seeks a writ of mandamus. *Id.* at 6-8.

## II.  Defendant's motion to dismiss.

Citing Federal Rule of Civil Procedure 12(b)(1), Defendant has moved to dismiss, alleging a lack of jurisdiction in this Court based on the lack of a "final decision" from the Commissioner. Doc. 14, at 1, 4-5. Under Local Civil Rule 7.1(g), "[a]ny motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed." LCvR7.1(g). L.W. failed to respond to the motion, the Court should find the motion confessed. Because L.W. proceeds pro se, and in the interest of a comprehensive analysis, the undersigned will also consider the merits of Defendant's motion.

---

[1]  The Court refers to Plaintiff by initials only to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2]  Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Challenges to subject matter jurisdiction may take two forms—a facial attack or a factual attack—which implicate different analytical frameworks. First, in a facial challenge, the focus is on the sufficiency of the allegations in the complaint. *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). In resolving a facial challenge, "the district court must accept the allegations in the complaint as true." *Id.* Second, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter depends." *Id.*

In addressing a factual challenge to subject matter jurisdiction, "the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* (internal quotation marks omitted). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). The party invoking federal jurisdiction has the burden of establishing the Court's jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

Relevant here, if the resolution of the jurisdictional question is "intertwined" with the merits of the case, the Court must convert the Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or Rule 56 summary

judgment motion. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987). In turn, "the jurisdictional claim and the merits are considered to be intertwined" "[w]hen subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.*

L.W. challenges the SSA's overpayment recoupment under 20 C.F.R. § 404.502(a)(1). Defendant's Motion to Dismiss is based on an alleged lack of jurisdiction in this Court, owing to the lack of a "final decision" from the Commissioner, a prerequisite to filing a lawsuit in federal court. *See* 20 C.F.R. § 404.900(a)(5). The Court thus concludes that the jurisdictional question is not "intertwined" with the merits of the case.

### III.    The case should be dismissed.

An aggrieved claimant for social security benefits may appeal to the federal district court "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). "[A] 'final decision' is a statutorily specified jurisdictional prerequisite" to a right of appeal to the district court. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). What constitutes a "final decision" is left to the Commissioner to determine under regulation. *Id.* "The statutory scheme is thus one in which the [Commissioner] may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." *Id.* The regulations provide that a "final decision" reviewable by a federal district court results only after

the claimant has proceeded through each of four steps of a disability determination: initial determination, reconsideration, hearing before an Administrative Law Judge (ALJ), and Appeals Council review. 20 C.F.R. § 404.900(a).

L.W. acknowledges no final decision has been reached and the Court can find no rare circumstances that might justify excusing the exhaustion of the four steps listed above. Doc. 8, at 1; *Smith v. Berryhill*, 587 U.S. 471, 478 (2019). He has not yet had a hearing before an ALJ. Doc. 14, at 11; Doc. 8, at 3. His request for a hearing is "pending scheduling" at the hearing office. Doc. 14, at 11. That means the ALJ has not issued a decision or dismissal related to Plaintiff's case under the Social Security Act. And, Plaintiff has not submitted a request for review to the Appeals Council so that clock has not started.

Plaintiff acknowledges the lack of a final decision. Doc. 1, at 1. Presuming L.W. would argue against the dismissal of his amended complaint, no argument can overcome the lack of a final decision, which is required before he can proceed in this Court.

L.W.'s procedural due process challenge also fails. His hearing is being scheduled.

And finally, L.W. submits no basis for mandamus relief. Without a final decision, L.W. can show neither a clear basis for relief nor the lack of an

adequate remedy. *See Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (outlining factors for mandamus relief under 28 U.S.C. § 1361).

Based on the unchallenged evidence of the lack of a final decision from the Commissioner, the Court should grant Defendant's Motion to Dismiss, Doc. 14, and dismiss Plaintiff's Amended Complaint without prejudice. Doc. 8.

## IV.    Recommendation and notice of right to object.

Given this Court's lack of jurisdiction, the undersigned recommends the Court dismiss L.W.'s amended complaint without prejudice.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before May 26, 2026, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues assigned to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 12th day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE