## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LARRY WILSON,                                )
                                             )
                 Plaintiff,                  )
                                             )
v.                                           )     Case No. CIV-25-01373-SM
                                             )
COMMISSIONER OF THE SOCIAL                   )
SECURITY ADMINISTRATION,                     )
                                             )
                 Defendant.                  )

## <u>ORDER</u>

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation ("R. & R.") [Doc. No. 17] issued on May 12, 2026.[1]

Judge Mitchell recommends that the Court dismiss Plaintiff's Amended Complaint without prejudice due to lack of jurisdiction. [Doc. No. 17 at 6]. Judge Mitchell advised the parties of their right to file an objection to the R. & R. with the Clerk of Court by May 26, 2026, and explained that failure to timely object waives the right to appellate review of both factual and legal issues contained in the R. & R. [*Id.* (citing 28 U.S.C. § 636, Fed. R. Civ. P. 72, and *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir.

---

[1] This case was assigned to Judge Mitchell on November 18, 2025. The record contains the Amended Complaint and Defendant's Motion to Dismiss, to which Plaintiff did not respond. [Doc. Nos. 8, 14].

1996). By not objecting to a magistrate judge's report and recommendation, the parties waive their rights to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). The following two exceptions to the waiver rule exist: "when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review, which include "(1) a pro se litigant's effort to comply, (2) the force and plausibility of the explanation for his failure to comply, and (3) the importance of the issues raised." *Id.* at 1120.

Neither Plaintiff nor Defendant filed an objection to the R. & R. by the deadline, and both parties waived their right to challenge the recommended disposition. Neither party filed anything in response to the R. & R. or sought an extension of time to do so. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Morales-Fernandez*, 418 F.3d at 1120.

Alternatively, having conducted a de novo review of the R. & R., the Court agrees with the reasoning of the R. & R. due to the lack of a final decision of the Commissioner in this case. [*See* Doc. No. 17 at 5–6].

Accordingly, the Court **ACCEPTS** the Report and Recommendation [Doc. No. 17] and **DISMISSES** Plaintiff's Amended Complaint without prejudice. A separate judgment in favor of Defendant will follow.

IT IS SO ORDERED this 4th day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE